IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION



ANTHONY L. HICKS,

    Plaintiff,

v.                                          Civil Action No. 3:09cv798

JOSHUA R. MEYER, *et al.*,

    Defendants.

## MEMORANDUM OPINION

Plaintiff, a Virginia inmate proceeding *pro se*, filed this action and sought leave to proceed *in forma pauperis*. On February 16, 2010, the Court ordered Plaintiff to declare his unequivocal consent to the collection of filing fees for this action within fifteen (15) days of the date of entry thereof. On March 31, 2010, the Court dismissed this action for failure to comply with the February 16, 2010 Order. On April 14, 2010, the Court received from Plaintiff a letter motion for reconsideration. Plaintiff explains that he did in fact complete and return a proper consent to collection of filing fees. Review of the record indicates that the Court received the forms on March 17, 2010.

Because it was filed within twenty-eight days of the entry of judgment, Federal Rule of Civil Procedure 59(e) controls Plaintiff's motion. *See Dove v. Codesco*, 569 F.2d 807, 809 (4th Cir. 1978). Rule 59(e) authorizes courts to alter or amend judgments "for three reasons: '(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice.'" *EEOC v. Lockheed Martin Corp.*, 116 F.3d 110, 112 (4th Cir. 1997) (*quoting Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993)). Although Plaintiff did not timely file his corrected consent

form,[1] the Court finds that manifest injustice would result from the dismissal of Plaintiff's case.

It is therefore ORDERED that Plaintiff's letter motion for reconsideration (Docket No. 12) is GRANTED. The Memorandum Opinion and Order entered March 31, 2010 will be VACATED.

An appropriate Order will issue.

And it is so Ordered.

/s/
James R. Spencer
Chief United States District Judge

Dated: 4-21-10
Richmond, Virginia

---

[1] Pursuant to *Houston v. Lack*, 487 U.S. 266 (1988), an inmate's filing is deemed filed on the date it is handed to prison staff for mailing. Plaintiff's consent form was executed on March 12, 2010, more than fifteen days after the entry of the February 16, 2010 Order.