IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

ANTHONY L. HICKS,

    Plaintiff,

v.                                                                  Civil Action No. **3:09CV798**

**JOSHUA R. MEYER,** *et al.*,

    Defendants.

## REPORT AND RECOMMENDATION

Anthony L. Hicks, a Virginia prisoner proceeding *pro se*, brings this civil action. The matter is before the Court for evaluation pursuant to 28 U.S.C. § 1915A(b), 42 U.S.C. § 1997e(c). Jurisdiction is appropriate pursuant to 28 U.S.C. §§ 636(b) and 1343(a)(3).

### Preliminary Review

This Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see* 28 U.S.C. § 1915A. The first standard includes claims based upon "'an indisputably meritless legal theory,'" or claims where the "'factual contentions are clearly baseless.'" *Clay v. Yates*, 809 F. Supp. 417, 427 (E.D. Va. 1992) (*quoting Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). The second standard is the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (*citing* 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356

(1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009).

The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (second alteration in original) (*quoting Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp.*, 550 U.S. at 555 (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949 (*citing Bell Atl. Corp.*, 550 U.S. at 556). Therefore, in order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (*citing Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d

270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it does not act as the inmate's advocate, *sua sponte* developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### Summary of Allegations and Claims

On December 23, 2007, Police Officer Meyer initiated a traffic stop of Plaintiff. (Compl. 4.) Officer Latorre then arrived on the scene. (Compl. 4.) The police arrested Plaintiff for driving on a suspended or revoked license. (Compl. 4.) Plaintiff was secured in Officer Latorre's vehicle, and Plaintiff's passenger was secured in Officer Meyer's vehicle. (Compl. 4.) While Plaintiff and Plaintiff's passenger were secured, Officer Meyer opened the driver's-side door of Plaintiff's car, "ben[t] over in the front seats [for] about 10 [minutes] then he got out [of] the car with a black bag in his hand."[1] (Compl. 5.) Plaintiff "came to find out the black bag contained drugs." (Compl. 5.)

Plaintiff alleges that Officer Latorre committed perjury because "Officer Latorre never discovered or retrieved the black bag containing the drugs but he allowed Officer Meyer to manipulate him into saying that when [Plaintiff] got out [of] the car, [Plaintiff's] weight or belt opened the center arm console (which is where Officer Meyer found the black bag containing the drugs)." (Compl. 5.) Plaintiff's legal claim is as follows:

> Because of Officer Meyer illegally stopping me, illegally searching and seizuring [sic] items from the car them perjuring himself and Officer Latorre perjuring himself

---

[1] The Court has corrected the spelling, capitalization, and punctuation in all references to Plaintiff's submissions.

by trying to help Officer Meyer with the illegal actions he committed caused me to get incarcerated with 8 yrs. which I'm fighting in an appeal. What both Officers did was wrong and they must be held accountable for their actions, their duty is to uphold the law with honesty and when police officers don't do that they damage the lives of many peoples [sic] and things.

(Compl. 5.) Plaintiff requests an award of fifteen million dollars. (Compl. 6.)

## Analysis

In his complaint, Plaintiff complains of five alleged wrongdoings: (1) Officer Meyer illegally stopped Plaintiff, (2) Officer Meyer illegally searched Plaintiff's car, (3) Officer Meyer illegally seized Plaintiff, (4) Officer Meyer committed perjury, and (5) Officer Latorre committed perjury. Plaintiff's complaint does not set forth facts which plausibly suggest he is entitled to relief.

Plaintiff also offers no facts regarding the allegedly illegal stop, search, or seizure. Plaintiff does not allege how the stop, search, or seizure were illegal. For example, Plaintiff does not identify the reason for the traffic stop or allege that the police initiated the traffic stop for an illegal reason.[2] Plaintiff asserts that his arrest was illegal, but admits that he was driving on a revoked license. Plaintiff's legal conclusions are not assumed to be true, and no facts exist on the face of the complaint that plausibly suggest he is entitled to relief.[3]

Plaintiff offers no facts regarding the nature of the alleged perjury. Regardless, "police officers are immune from an action arising under § 1983 for alleged perjury." *Smith v.*

---

[2] If Plaintiff can state facts sufficient to indicate the unlawfulness of the stop, he may do so in an amended complaint.

[3] Even if Plaintiff did allege sufficient facts, because Plaintiff states that he is currently appealing his conviction, "abstention may be an appropriate response." *Heck v. Humphrey*, 512 U.S. 477, 487 n.8 (1994) (*citing Colo. River Water Conserv. Dist. v. United States*, 424 U.S. 800 (1976)).

*McCarthy*, 349 F. App'x 851, 858 n.10 (4th Cir. 2009) (*citing Briscoe v. LaHue*, 460 U.S. 325, 342–43, 345 (1983). Accordingly, it is RECOMMENDED that Plaintiff's action be DISMISSED WITHOUT PREJUDICE.

Plaintiff is advised that he may file specific written objections to the Report and Recommendation within fourteen (14) days of the date of entry hereof. Such objections should be numbered and identify with specificity the legal or factual deficiencies of the Magistrate Judge's findings. Failure to timely file specific objections to the Report and Recommendation may result in the entry of an Order dismissing the complaint. *See* Fed. R. Civ. P. 72(b). It may also preclude further review or appeal from such judgment. *See Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

If Plaintiff wishes to file an amended complaint to correct the deficiencies described above, he must submit an amended complaint within fourteen (14) days of the date of entry hereof. *See Williams v. Wilkerson*, 90 F.R.D. 168 (E.D. Va. 1981). Such complaint must set forth legibly, in separately numbered paragraphs, a short statement of the facts giving rise to each claim against each defendant. Plaintiff must also state what civil rights he believes each defendant violated and explicitly state how said defendant's actions violated each constitutional right. Any amended complaint will supplant the current complaint and all prior submissions. The amended complaint must stand or fall of its own accord.

The Clerk is DIRECTED to send a copy of the Report and Recommendation to Plaintiff. And it is so ORDERED.

/s/ M. Hannah Lauck
United States Magistrate Judge

Date: 3-17-11
Richmond, Virginia

5