

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
## Richmond Division

ANTHONY L. HICKS,

  Plaintiff,

v.                      Civil Action No. 3:09CV798

JOSHUA R. MEYER, *et al.*,

  Defendants.

## MEMORANDUM OPINION

Plaintiff, a Virginia inmate, brings this civil action. The matter is before the Court for evaluation pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A.

## I. PROCEDURAL HISTORY

The Magistrate Judge made the following findings and recommendations:

### Preliminary Review

  This Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see* 28 U.S.C. § 1915A. The first standard includes claims based upon "'an indisputably meritless legal theory,'" or claims where the "'factual contentions are clearly baseless.'" *Clay v. Yates*, 809 F. Supp. 417, 427 (E.D. Va. 1992) (*quoting Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). The second standard is the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

  "A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (*citing* 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009).

The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (second alteration in original) (*quoting Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp.*, 550 U.S. at 555 (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949 (*citing Bell Atl. Corp.*, 550 U.S. at 556). Therefore, in order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (*citing Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it does not act as the inmate's advocate, *sua sponte* developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## Summary of Allegations and Claims

On December 23, 2007, Police Officer Meyer initiated a traffic stop of Plaintiff. (Compl. 4.) Officer Latorre then arrived on the scene. (Compl. 4.) The police arrested Plaintiff for driving on a suspended or revoked license. (Compl. 4.) Plaintiff was secured in Officer Latorre's vehicle, and Plaintiff's passenger was secured in Officer Meyer's vehicle. (Compl. 4.) While Plaintiff and Plaintiff's passenger were secured, Officer Meyer opened the driver's-side door of Plaintiff's car, "ben[t] over in the front seats [for] about 10 [minutes] then he got out [of] the car with a black bag in his hand."[1] (Compl. 5.) Plaintiff "came to find out the black bag contained drugs." (Compl. 5.)

Plaintiff alleges that Officer Latorre committed perjury because "Officer Latorre never discovered or retrieved the black bag containing the drugs but he allowed Officer Meyer to manipulate him into saying that when [Plaintiff] got out [of] the car, [Plaintiff's] weight or belt opened the center arm console (which is where Officer Meyer found the black bag containing the drugs)." (Compl. 5.) Plaintiff's legal claim is as follows:

---

[1] The Court has corrected the spelling, capitalization, and punctuation in all references to Plaintiff's submissions.

2

> Because of Officer Meyer illegally stopping me, illegally searching and seizuring [sic] items from the car them perjuring himself and Officer Latorre perjuring himself by trying to help Officer Meyer with the illegal actions he committed caused me to get incarcerated with 8 yrs. which I'm fighting in an appeal. What both Officers did was wrong and they must be held accountable for their actions, their duty is to uphold the law with honesty and when police officers don't do that they damage the lives of many peoples [sic] and things.

(Compl. 5.) Plaintiff requests an award of fifteen million dollars. (Compl. 6.)

### Analysis

In his complaint, Plaintiff complains of five alleged wrongdoings: (1) Officer Meyer illegally stopped Plaintiff, (2) Officer Meyer illegally searched Plaintiff's car, (3) Officer Meyer illegally seized Plaintiff, (4) Officer Meyer committed perjury, and (5) Officer Latorre committed perjury. Plaintiff's complaint does not set forth facts which plausibly suggest he is entitled to relief.

Plaintiff also offers no facts regarding the allegedly illegal stop, search, or seizure. Plaintiff does not allege how the stop, search, or seizure were illegal. For example, Plaintiff does not identify the reason for the traffic stop or allege that the police initiated the traffic stop for an illegal reason.[2] Plaintiff asserts that his arrest was illegal, but admits that he was driving on a revoked license. Plaintiff's legal conclusions are not assumed to be true, and no facts exist on the face of the complaint that plausibly suggest he is entitled to relief.[3]

Plaintiff offers no facts regarding the nature of the alleged perjury. Regardless, "police officers are immune from an action arising under § 1983 for alleged perjury." *Smith v. McCarthy*, 349 F. App'x 851, 858 n.10 (4th Cir. 2009) (*citing Briscoe v. LaHue*, 460 U.S. 325, 342–43, 345 (1983). Accordingly, it is RECOMMENDED that Plaintiff's action be DISMISSED WITHOUT PREJUDICE.

(March 17, 2011 Report and Recommendation.) The Court advised Plaintiff that he could file objections or an amended complaint within fourteen (14) days of the date of entry thereof. Plaintiff did not file objections or an amended complaint.

---

[2] If Plaintiff can state facts sufficient to indicate the unlawfulness of the stop, he may do so in an amended complaint.

[3] Even if Plaintiff did allege sufficient facts, because Plaintiff states that he is currently appealing his conviction, "abstention may be an appropriate response." *Heck v. Humphrey*, 512 U.S. 477, 487 n.8 (1994) (*citing Colo. River Water Conserv. Dist. v. United States*, 424 U.S. 800 (1976)).

3

## II. STANDARD OF REVIEW

"The magistrate makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court." *Estrada v. Witkowski*, 816 F. Supp. 408, 410 (D.S.C. 1993) (*citing Mathews v. Weber*, 423 U.S. 261, 270-71 (1976)). This Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "The filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Thomas v. Arn*, 474 U.S. 140, 147 (1985). This Court may adopt without *de novo* review any portion of the magistrate judge's recommendation to which Plaintiff does not raise a specific objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005).

## III. CONCLUSION

Plaintiff having no objections, the Report and Recommendation will be ACCEPTED AND ADOPTED, and the action will be DISMISSED WITHOUT PREJUDICE for failure to state a claim.

An appropriate Order will accompany this Memorandum Opinion.

Date: 6-13-11
Richmond, Virginia

/s/
James R. Spencer
Chief United States District Judge